# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOPPERTRAK RCT CORPORATION, | ) |
|     *Plaintiff*, | ) ) ) |
| v. | )    Case No. 1:20-cv-3814 (JPO) |
| BARNES & NOBLE, INC., | ) ) ) |
|     *Defendant*. | ) ) |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that a Party or non-party (a "Producing Party") may need to disclose in connection with discovery in this action (the "Action");

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.    Any information, such as testimony (including transcripts thereof), documents, interrogatory answers, or other materials provided by a Producing Party, and which the Producing Party reasonably and in good faith contends contain a trade secret or confidential information

proprietary to it and therefore entitled to protection (hereafter collectively referred to as "confidential information"), may be designated, on the terms and conditions hereafter set forth, as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and, except as permitted by further order of the Court or by written agreement of the Producing Party, such information shall be treated by the party receiving the same (hereafter "the Receiving Party") upon the terms and conditions of this Protective Order.

2. A Producing Party may designate as "CONFIDENTIAL" any information that it reasonably and in good faith believes contains commercial information not generally publicly known.

3. A Producing Party may designate as "ATTORNEYS' EYES ONLY" any information that it reasonably and in good faith believes contains highly sensitive confidential proprietary business information or trade secrets.

4. Designation of the foregoing specific categories does not constitute an admission by any party as to the discoverability of any information.

5. Confidential information shall be designated as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate, in the following ways:

    (a) In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate.

    (b) In the case of interrogatory answers, by writing in the vicinity of the written interrogatory answer either the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate.

(c) In the case of tangible items other than documents or interrogatory answers, by visibly marking the item with either the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate.

(d) In the case of testimony, by designating on the record during the taking of such testimony those portions thereof which the Producing Party contends compromise "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, as appropriate. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order. Any party may also designate information disclosed at such deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" thereafter. Until the expiration of this thirty-day period, all depositions shall, unless otherwise designated, presumptively be treated as "CONFIDENTIAL" information. To the extent possible, the court reporter shall segregate into a separate transcript information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

6. With respect to all confidential information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a Producing Party, such confidential information shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"),

either directly or indirectly, to any person not authorized to receive such confidential information under the terms of this Protective Order. This Protective Order shall not bar any attorney herein in the course of rendering advice to his/her client with respect to this case from conveying to any party client his/her evaluation in a general way of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

7. Any documents (including briefs), tangible things or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial must be filed in accordance with this Court's procedures regarding same.

8. Except as permitted by further order of the Court or by written agreement of the Producing Party, disclosure by the Receiving Party of any confidential information identified as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", including any summaries of such information, shall be limited to:

    (a) in-house counsel and attorneys for the Receiving party;

    (b) individual representatives of the Parties who are employees of a Party;

    (c) consultants or experts, who are not employees, contractors or officers of the Parties, retained to consult or testify in this matter; provided, however, that such persons shall first execute an Acknowledgement in the form attached as *Exhibit "A"*;

    (d) authors or identified recipients of the confidential information;

(e) outside vendors who perform photocopying, microfiching, computer classification or similar clerical functions, but only so long as necessary to perform those services, and only for purposes related to this case;

(f) court reporters and other persons engaged in preparing transcripts of testimony or hearings for this matter;

(g) the Court and Court personnel subject to the provision in paragraph 7, *supra*; and

(h) deposition, hearing, and trial witnesses; provided, however, that deposition witnesses shall first execute an Acknowledgement in the form attached as **Exhibit "A"**.

9. Except as permitted by further order of the Court or by written agreement of the Producing Party, disclosure by the Receiving Party of any confidential information identified as "ATTORNEYS' EYES ONLY", including any summaries of such information, shall be limited to those persons identified in Paragraph 8(a), (c), (d), (e), (f), and (g).

10. (a) If, through inadvertence, a Producing Party provides any confidential information without designating the same as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the procedures of Paragraph 5, the Producing Party may subsequently inform the Receiving Party in writing that the confidential information is either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate, and the Receiving Party shall thereafter treat the disclosed confidential information accordingly; provided, however, that no liability shall attach to the Receiving Party for any disclosure of confidential information not designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" which is made prior to receiving from the Producing Party the written notice required under this paragraph.

(b) Except when a party intentionally and expressly waives attorney-client privilege or work product protection by disclosing information to an adverse party, the production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a Producing Party produces or otherwise discloses to a Receiving Party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the disclosed information be returned. The receiving party shall return all copies or extracts of the produced information within seven (7) business days of receipt of the request. Any notes or summaries referring or relating to any produced privileged material shall be destroyed. This Order does not preclude a party from intentionally and expressly waiving the attorney-client privilege or work product protection to affirmatively use information to support a claim or defense in this matter.

11. The restrictions set forth in this Order will not apply to confidential information: (1) known to the Receiving Party or the public before the date of its transmission to the Receiving Party by the Producing Party; (2) which becomes known to the public after the date of its transmission to the Receiving Party by the Producing Party; provided that such information does not become publicly known by any act or omission of the Receiving Party, its employees, or agents which would be in violation of this Order or other law; or (3) which becomes independently known to the Receiving Party, at the date of its transmission to the Receiving Party by the Producing Party, from a third party which lawfully possesses such information and which owes no duty of non-disclosure to the Producing Party.

12. No person or party shall directly or indirectly utilize or disclose any confidential information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order, except for the purpose of this matter only. Restrictions on the use or disclosure of any confidential information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order shall continue during any trial or hearing in this matter. The use of such confidential information as evidence at trial or hearing in this matter shall be subject to such protection as the Court shall specify.

13. Acceptance by the Receiving Party of any confidential information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order shall not constitute a concession that such confidential information comprises "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, or is otherwise confidential or proprietary to the Producing Party. A party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of these proceedings with the designation of any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or the designation of any person under paragraph 8, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, either party may contest any claim of confidentiality made pursuant to this Protective Order by seeking relief from the Court. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

14. The Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

15. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or prevent the parties to this matter from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

16. At the conclusion of this matter, including any appeals, any confidential information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order, and all copies thereof, shall be returned to the Producing Party, or, at the Producing Party's option, destroyed by counsel for the Receiving Party. The provisions of this Protective Order, insofar as they restrict the disclosure of confidential information designated as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and produced hereunder, shall continue to be binding after the conclusion of this matter.

17. This Court's jurisdiction over the parties and their attorneys ends when this Action is terminated.

18. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

DATED: May 10, 2021

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **AEGIS LAW GROUP LLP** |
| By: /s/ *Shira A. Steinberg* <br> Jomaire A. Crawford <br> Shira A. Steinberg <br> QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> 51 Madison Ave., 22nd Fl. <br> New York, NY 10010 <br> Tel.: (212) 849-7000 <br> Fax: (212) 849-7100 <br> jomairecrawford@quinnemanuel.com | By: /s/ *Serine R. Consolino* <br> Serine R. Consolino <br> Michael K. Ross (*PHV forthcoming*) <br> Sean M. Roberts (*PHV forthcoming*) <br> 801 Pennsylvania Ave., N.W. – Ste. 740 <br> Washington, D.C. 20004 <br> Tel: (202) 737-3500 <br> Fax: (202) 735-5071 <br> sconsolino@aegislawgroup.com <br> mross@aegislawgroup.com |

| | |
|---|---|
| shirasteinberg@quinnemanuel.com | sroberts@aegislawgroup.com |
| David Eiseman (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>   SULLIVAN, LLP<br>50 California St., 22nd Fl.<br>San Francisco, CA 94111<br>Tel.: (415) 875-6600<br>Fax: (415) 875-6700<br>davideiseman@quinnemanuel.com | *Attorneys for Plaintiff* |
| *Attorneys for Defendant Barnes & Noble, Inc.* | |

SO ORDERED,

DATED:

May 10, 2021

_____
J. PAUL OETKEN
United States District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOPPERTRAK RCT CORPORATION, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> BARNES & NOBLE, INC., ) <br> ) <br> *Defendant*. ) <br> _____ ) | Case No. 1:20-cv-3814 (JPO) |

## **ACKNOWLEDGEMENT**

I, _____, state that:

1. I have received a copy of the Stipulated Confidentiality Agreement and Protective Order (the "Stipulation") entered in the above-entitled Action.

2. I have carefully read and understand the provisions of the Stipulation.

3. I will comply with all of the provisions of the Stipulation.

4. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Action, any confidential information that is disclosed to me.

5. I will return all confidential information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Action.

DATED: _____       _____